THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Thomas Joyner, Appellant,
 v.
 Sumter County, Respondent.
 
 
 

Appeal From Sumter County
 Jeffrey Young, Circuit Court Judge

Unpublished Opinion No. 2010-UP-544
 Submitted December 1, 2010  Filed
December 16, 2010 

AFFIRMED

 
 
 
 John Derrick Clark, of Sumter, for Appellant.
 Earl Ellis, Mary Sowell League, and F. Earl Ellis, Jr., of
 Columbia, for Respondent.
 
 
 

PER CURIAM:  Thomas Joyner appeals the order of the circuit court
 affirming the decision of the Appellate Panel of the Workers' Compensation Commission
 awarding Joyner thirty percent impairment to the back and fifteen percent to
 the leg.  We affirm.  
FACTS/PROCEDURAL HISTORY
On July 30, 2002,
 Joyner was working as a landfill attendant for Sumter County when he injured
 his back.  He was diagnosed with lumbar stenosis.  His treatment was
 complicated by his morbid obesity.  He underwent gastric bypass surgery in
 December 2004 and lost over one hundred and fifty pounds at the time of the
 hearing.  Joyner received five lumbar epidural steroid injections in his lower
 back/spine.  Dr. Thomas Zgleszewski with the Center for Pain Management at Palmetto Health assigned Joyner thirteen
 percent impairment to the back/spine.  Dr. Alfred Dawson of Florence Orthopedics
 Associates performed an independent medical evaluation of Joyner and assigned
 him an impairment rating of twenty percent to the lumbar spine and five percent
 to the lower right extremity.  
The single
 commissioner ruled Joyner had suffered a thirty percent permanent partial
 disability to his back and a fifteen percent partial disability to the right
 lower extremity.  The Appellate Panel and circuit court affirmed.
STANDARD OF REVIEW
The
 Administrative Procedures Act establishes our standard of review of decisions
 by the South Carolina Workers' Compensation Commission.  Shealy v. Aiken County, 341 S.C. 448, 454, 535 S.E.2d 438, 442
 (2000).  Accordingly, this court can reverse
 or modify the Appellate Panel's decision only if the appellant's substantial
 rights have been prejudiced because the decision is affected by an error of law
 or is clearly erroneous in view of the reliable, probative, and substantial
 evidence on the whole record.  Id.; S.C. Code Ann. § 1-23-380(5) (Supp.
 2009).  "Substantial evidence is not a mere scintilla of evidence nor evidence
 viewed from one side, but such evidence, when the whole record is considered,
 as would allow reasonable minds to reach the conclusion
 the [Appellate Panel] reached."  Shealy, 341 S.C. at 455, 535
 S.E.2d at 442.  The possibility of drawing two inconsistent conclusions does
 not prevent the Appellate Panel's conclusions from being supported by
 substantial evidence.  Tiller v. Nat'l Health Care Ctr., 334 S.C. 333,
 338, 513 S.E.2d 843, 845 (1999).  The final determination of witness
 credibility and the weight to be accorded evidence is reserved to the Appellate
 Panel.  Shealy, 341 S.C. at 455, 535 S.E.2d at 442.
LAW/ANALYSIS
1. Disability rating
Joyner argues the
 Appellate Panel erred in holding he had only sustained a thirty percent
 permanent partial disability to his back and a fifteen percent partial
 disability to the right lower extremity.  He asserts he sustained at least
 fifty percent loss of use of his back and thus should be presumed to have
 suffered total and permanent disability pursuant to Section 42-9-30(21) of the
 South Carolina Code, which provides:

 The
 compensation for partial loss of use of the back shall be such proportions of
 the periods of payment herein provided for total loss as such partial loss
 bears to total loss, except that in cases where there is fifty percent or more
 loss of use of the back the injured employee shall be presumed to have suffered
 total and permanent disability and compensated under Section 42-9-10(B). The
 presumption set forth in this item is rebuttable.

S.C. Code Ann. § 42-9-30(21)
 (Supp. 2009).
Joyner
 testified he was in pain all of the time.  He stated the pain goes from his
 lower back down his right leg and the bottom of his right foot stays numb. 
 Joyner related he cannot stand for a long time, walk very far, or bend.  He
 claimed he could only sit or stand for an hour and a half at best.  He
 testified he has to use a cane because of knee problems.  He asserted that
 since being released by Dr. Dawson and Dr. Zgleszewski, he had become worse,
 but he cannot take pain medicine due to his gastric bypass surgery.  Joyner
 opined he had suffered a fifty percent disability to his back and a fifty
 percent disability to his right leg.  
Dr.
 Zgleszewski, however, assigned Joyner a thirteen impairment to the back/spine. 
 Dr. Dawson assigned Joyner an impairment rating of twenty percent to the lumbar
 spine and five percent to the lower right extremity.  We find substantial
 evidence supports the Appellate Panel's decision that Joyner sustained a thirty
 percent permanent partial disability to his back and a fifteen percent partial
 disability to the right lower extremity.
2. Total incapacity to work
Joyner argues the
 Appellate Panel erred in not finding he was permanently and totally disabled
 when the evidence established that his incapacity for work resulting from
 injury was total.  
Joyner
 has a tenth grade education.  Before working at the landfill, he was a security
 guard, a long-distance truck driver, and worked at a warehouse driving and
 loading trucks.  
Dr. William
 Stewart, a certified rehabilitation counselor, reported:

 [W]hen
 Mr. Joyner's significant physical limitations are considered in light of his
 low educational levels, it is highly unlikely he would be able to find or
 sustain employment.  And, based on his advanced age, work history, lack of
 transferable job skills, illiterate functional educational abilities and
 significant physical restrictions, he is not a reasonable vocational
 rehabilitation candidate.  Consequently, I do not believe a reasonably stable
 market exists or will exist for the types of services that Mr. Joyner is
 physically, psychologically, educationally or vocationally capable of
 performing/sustaining.  

Dr. Stewart noted Joyner was
 fortunate to have the job he was currently in, "albeit a rather benevolent
 job."  
Dr.
 Zgleszewski provided Joyner could work with restrictions.  Joyner could sit,
 stand, and walk four to six hours.  In addition, he could occasionally lift one
 to ten pounds from floor to knuckle or shoulder to overhead and eleven to
 twenty pounds from knuckle to shoulder.  
Joyner
 did not miss any time from work due to his injury.  As a landfill attendant, he
 has to weigh and inspect trucks.  He does not have to do any lifting.  Although
 Joyner stated he could not drive a truck because he could not use his feet in a
 repetitive motion, he acknowledged he had driven himself to the hearing.  
We
 find the record contains substantial evidence to support the Appellate Panel's ruling
 that Joyner is not totally incapacitated from work.  
CONCLUSION
For the above
 stated reasons, the order of the circuit court is 
AFFIRMED.  
HUFF,
 KONDUROS, and LOCKEMY, JJ., concur.